Filed 1/28/16  In re Marco C. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re Marco C. et al., Persons Coming Under the Juvenile Court Law. | B264470 (Los Angeles County Super. Ct. No. DK08834) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARCO C.,<br><br>Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Akemi Arakaki, Judge.  Affirmed.

Karen B. Stalter, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, Interim County Counsel, Dawyn R. Harrison, Assistant County Counsel, and William D. Thetford, Principal Deputy County Counsel, for Plaintiff and Respondent.

No appearance for Minors.

* * * * * *

After finding that A.P. (mother) engaged in "abuse" and "neglect" within the meaning of Welfare & Institutions Code section 300,[1] the juvenile court removed her children from her custody and placed them with Marco C. (father). Father was not accused of any abuse or neglect; prior to this case, father had custody of the children every other weekend. After placing the children with father, the juvenile court retained jurisdiction over the children in order to provide mother with so-called "enhancement services" aimed at repairing her relationship with the children. Father appeals on the ground that the court was required to terminate jurisdiction once it placed the children with him. We disagree, and affirm.

## FACTS AND PROCEDURAL BACKGROUND

Father and mother have three children together—Marco (born 2005), Axel (born 2008), and L. (born 2010). Father and mother divorced, and mother married Enrique M. (husband). Mother and father shared legal custody of the children, but mother had physical custody all but two weekends a month.

In December 2014, the Los Angeles County Department of Children and Family Services (Department) filed a petition asking the juvenile court to assert dependency jurisdiction over all three children because (1) mother was pulling the children's ears as an inappropriate form of discipline (§ 300, subd. (a) [physical harm]); (2) mother was not adequately protecting the children when husband pulled the children's ears as an inappropriate form of discipline (§ 300, subd. (b)); and (3) each of the children were at risk of abuse or neglect due to the mistreatment of his siblings (§ 300, subd. (j)). Mother admitted the charges,[2] and the court in February 2015 exerted jurisdiction over the children.

---

[1]    Unless otherwise indicated, all further statutory references are to the Welfare & Institutions Code.

[2]    The Department's petition also alleged emotional abuse (§ 300, subd. (c)), but the juvenile court did not sustain the petition on that ground.

In April 2015, the juvenile court held a dispositional hearing. The court removed the children from mother (and husband), and placed them with father, as the nonoffending, noncustodial parent. Because the children had "hesitation and concerns about being around [mother]," the court determined the "best interest of the children" would be served by retaining jurisdiction and ordering mother to receive counseling and other services in order to enhance the children's "relationship with the mother." Accordingly, the court ordered the Department to provide family maintenance services to father and to provide anger management, conjoint counseling, parenting and individual counseling services to mother.

Father timely appeals.

## DISCUSSION

In this case, the juvenile court removed the children from the home of the custodial parent (mother) and determined that they were "safely placed with their father." (Accord, § 361.2, subd. (a) [specifying that children removed from one parent are to be placed with noncustodial, nonoffending parent as long as that placement would not "be detrimental to the safety, protection, or physical . . . well-being of the child"].) Once this occurs, the court is obligated to choose between three options: (1) granting legal and physical custody to the nonoffending parent and terminating dependency jurisdiction (§ 361.2, subd. (b)(1)); (2) retaining jurisdiction over the children, ordering that services be provided to the nonoffending parent or the offending parent or "both parents," and convening review hearings to assess progress (§ 361.2, subd. (b)(3)); or, if the court cannot decided between those two options, (3) requiring a home visit in three months and then determining whether to selection options (1) or (2) (§ 361.2, subd. (b)(2)). We review a court's selection of options for an abuse of discretion. (*In re Jaden E.* (2014) 229 Cal.App.4th 1277, 1288.)

Father argues that the juvenile court was *required* to select the first option—that is, to award him sole physical and legal custody and then terminate dependency jurisdiction—once it determined that the children were safely placed with him. Citing *In*

3

*re. I.G.* (2014) 226 Cal.App.4th 380 (*I.G.*), father argues that the "three primary goals for children adjudged dependents by the juvenile court"—namely, "(1) to protect the child; (2) to preserve the family and safeguard the parent's fundamental right to raise their child[ren], as long as these can be accomplished with safety to the child, and (3) to provide a stable, permanent home for the child in a timely manner" (*id.* at p. 390)—were achieved once the children were placed with him; thus, he reasons, jurisdiction should have been terminated.

We reject this argument for three reasons. First, it is inconsistent with the plain language of section 361.2, subdivision (b). That subdivision explicitly grants the juvenile court three dispositional options once the court decides it is safe to place a child with the nonoffending, noncustodial parent. Father's argument that safe placement dictates termination of jurisdiction would effectively command that the court in every case implement subdivision (b)(1) and would thus excise subdivisions (b)(2) and (b)(3) from the statute. We are not allowed to rewrite statutes. (*State Dept. of Public Health v. Superior Court* (2015) 60 Cal.4th 940, 956.)

Second, father's proffered construction is inconsistent with the purpose of dependency jurisdiction. Although "[t]he overarching goal of dependency proceedings is to safeguard the welfare of California's children[,] . . . '[f]amily preservation . . . is the first priority when child dependency proceedings are commenced.'" (*In re Nolan W.* (2009) 45 Cal.4th 1217, 1228; see also *ibid.* [noting "'"the law's strong preference for maintaining family relationships if at all possible." [Citation]'"]) To be sure, as father argues, the juvenile court in this case retained jurisdiction in order to prescribe "enhancement" services—which are "'not designed to reunify the child with that parent.'" (*In re A.C.* (2008) 169 Cal.App.4th 636, 642, fn. 5.) But enhancement services are nevertheless aimed at "'enhanc[ing] the child's relationship with that parent by requiring that parent to address the issues that brought the child before the court.'" (*Ibid.*; accord, *In re A.L.* (2010) 188 Cal.App.4th 138, 142, fn. 2 [noting how "enhancement services" are "designed to benefit the relationship between the child[ren] and

4

noncustodial parent"].)  Because those services serve to maintain the family relationship, precluding them—as father's argument would have us do—would disserve that relationship.  It is thus no surprise that courts have upheld orders, just like the one in this case, that ordered enhancement services pursuant to section 361.2, subdivision (b)(3).  (*In re Sarah M.* (1991) 233 Cal.App.3d 1486, 1489, overruled on other grounds in *In re Chantal S.* (1996) 13 Cal.4th 196, 204.)

Lastly, nothing in *I.G.*, *supra*, 226 Cal.App.4th 380 or the other cases father cites dictates a different result.  *I.G.* did not address section 361.2 at all; instead, it dealt with the propriety of terminating dependency jurisdiction when "a child protective agency and juvenile court, faced with an obstreperous child, essentially threw in the towel." (*I.G.*, at p. 388.)  Consequently, its articulation of the three purposes of dependency jurisdiction was not meant to curtail a juvenile court's discretion under section 361.2.  What is more, as we explained above, the juvenile court's order in this case served those purposes.  The other cases father proffers do not alter this analysis.  (See *In re John M.* (2006) 141 Cal.App.4th 1564, 1569-1570 [analyzing whether placement of children with a noncustodial, nonoffending parent would be "detrimental to the children"]; *In re A.J.* (2013) 214 Cal.App.4th 525, 535-540 [determining that section 361.2 did not apply, but that the juvenile court did not abuse its discretion in terminating dependency jurisdiction after deciding not to continue services for parent from whom the children were removed].)

In sum, the juvenile court had discretion to choose among the three dispositional orders specified in section 361.2, subdivision (b); its choice in this case was not an abuse of discretion.

## DISPOSITION

We affirm the juvenile court's order.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
                  HOFFSTADT

We concur:

_____, Acting P.J.
   ASHMANN-GERST

_____, J.
     CHAVEZ

6